**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4663**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ODIL ANTONIO RODRIGUEZ-MORENO, a/k/a Odie A. Rodriguez,
a/k/a Odil A. Rodriguez, a/k/a Odil Antonio Rodriguez, a/k/a
Antonio Rodriguez-Moreno, a/k/a Odila Morono,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, Senior
District Judge.  (1:12-cr-00097-TSE-1)

Submitted:  February 26, 2013      Decided:  March 14, 2013

Before DUNCAN, DAVIS, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H.
Pratt, Whitney E. C. Minter, Assistant Federal Public Defenders,
Alexandria, Virginia, for Appellant.  Neil H. MacBride, United
States Attorney, Stacy L. Bogert, Special Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Odil Antonio Rodriguez-Moreno ("Rodriguez") pled guilty to illegal reentry after removal as a convicted aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). The district court sentenced him to seventeen months' imprisonment and a one-year term of supervised release. On appeal, Rodriguez challenges the procedural reasonableness of the sentence, contending that the district court failed to adequately explain the imposition of a term of supervised release when he was to be deported after serving his term of imprisonment. U.S. Sentencing Guidelines Manual § 5D1.1(c) & cmt. n.5 (2011); USSG app. C, amend. 756 (effective Nov. 1, 2011). We affirm.

When imposing a sentence, the district court "must adequately explain the chosen sentence to allow for a meaningful appellate review and to promote the perception of fair sentencing." Gall v. United States, 552 U.S. 38, 50 (2007). However, a district court is not required to discuss the 18 U.S.C. § 3553(a) (2006) sentencing factors in a checklist fashion. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

On appeal, we review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[] under a

2

deferential abuse-of-discretion standard." <u>Gall</u>, 552 U.S. at 41. Because Rodriguez did not object below to the adequacy of the district court's explanation for the sentence it imposed, our review is for plain error. <u>United States v. Lynn</u>, 592 F.3d 572, 577-78 (4th Cir. 2010); <u>see</u> <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993) (detailing plain error standard).

After reviewing the record on appeal and the parties' briefs, we conclude that the district court adequately explained its imposition of a term of supervised release. The court addressed Rodriguez's criminal history and prior unauthorized reentries into the United States. Taking the facts and circumstances of Rodriguez's case into consideration, the court created a special condition of supervised release, a prohibition against unauthorized reentry. Although the court did not specifically tie the § 3553(a) factors to the term of supervised release in a checklist manner, it is apparent that the court considered the specific facts and circumstances of Rodriguez's case and found that an added measure of deterrence was needed. We conclude that the district court committed no procedural error.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED